**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER 26-27** |
| | **:** | |
| | **:** | |
| **GRISELLE LACOSTA-FRANCO** | **:** | |

**O R D E R**

**AND NOW**, this                         day of                         2026,    upon

consideration of Defendant's Motion to Return Property Pursuant to Federal Rules of Criminal

Procedure, Rule 41(g), it is hereby **ORDERED** that the Motion is **GRANTED**. Within three days

from the date of this order, the government shall return Ms. LaCosta-Franco's cellphones to

defense counsel.

It is so **ORDERED**.

                              **BY THE COURT:**


                              _____
                              **HONORABLE GAIL A. WEILHEIMER**
                              **United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 26-27** |
| | : | |
| | : | |
| GRISELLE LACOSTA-FRANCO | : | |

**DEFENDANT'S MOTION TO RETURN PROPERTY**
**PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE RULE 41(g)**

Griselle LaCosta-Franco, by her attorney, Jeremy Isard, Assistant Federal Defender, respectfully moves for return of her two cellphones pursuant to the Federal Rules of Criminal Procedure, Rule 41(g). In support thereof, Ms. LaCosta-Franco avers as follows:

1. Griselle LaCosta Franco was arrested on September 22, 2025, when law enforcement observed her enter a parked stolen vehicle.

2. At the time of her arrest, a search of Ms. LaCosta-Franco's person revealed two cellular telephones, a navy-blue colored Apple iPhone and an Apple iPhone in a black case; the cellphones were seized by law enforcement.

3. On January 14, 2026, Ms. LaCosta-Franco was indicted for violations of 21 U.S.C. § 841(a)(1), and (b)(1)(A) (Count I), 21 U.S.C. § 841(a)(1), and (b)(1)(C) (Count II), for possession with intent to distribute 1,000 grams or more of heroin.

4. The government waited until February 4, 2026, to apply for a warrant to search the contents of Ms. LaCosta-Franco's two cellphones.

2

5.  On February 27, 2026, Ms. LaCosta-Franco filed a motion to suppress the contents of her cellphones.

6.  On April 2, 2026, the Court granted Ms. LaCosta-Franco's motion to suppress and held that the government's search warrant authorizing the search of her two cellphones was unconstitutional; the contents of both cellphones and their fruits are therefore suppressed.

7.  Ms. LaCosta-Franco now moves for the return of her unlawfully searched cellphones pursuant to Federal Rule of Criminal Procedure 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

8.  Ms. LaCosta-Franco is lawfully entitled to her property and requires access to her cellphones to help her investigate, develop, and present her arguments at trial. *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999) ("If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property."); *see also United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) ("But that burden of proof changes when the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or the government has abandoned its investigation.") (internal citation omitted). "The simplest way for the government to carry its burden is to prove the property is contraband or subject to forfeiture." *Id.*

9.  Here, the cellphones at issue are not contraband nor subject to forfeiture. And the government's investigation into the cellphones has necessarily halted in light of the Court's

suppression ruling. At this stage, the government has no legitimate interest in retaining Ms. LaCosta-Franco's cellphones. Ms. LaCosta-Franco would stipulate at trial that two cellphones were recovered from her person to the extent the government believes that fact is probative.

10. Given the lack of evidentiary value of the property, there is no reasonable basis for the government's continued retention of the cellphones and the government cannot show otherwise. *See United States v. Garcon*, 406 F. App'x 366, 369 (11th Cir. 2010) (per curiam) (unpublished) (citation omitted) (where the government wishes to retain the property, it must identify a legitimate reason for doing so).

11. Because Ms. LaCosta-Franco's cellphones are not contraband and are not subject to forfeiture, the government must promptly return her property to her defense counsel or designated representative. *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000).

**WHEREFORE,** Ms. LaCosta-Franco respectfully requests that this motion be granted and her two cellphones be released to defense counsel.

Respectfully submitted,

/s/

JEREMY ISARD
Assistant Federal Defender

4

## CERTIFICATE OF SERVICE

I, Jeremy Isard, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the attached Motion to Return Property Pursuant to Federal Rule of Criminal Procedure Rule 41(g) to be filed and served electronically through Eastern District Clerk's Office Electronic Case Filing ("ECF") and/or by electronic mail upon:

Ashley Nicole Martin
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania, 19106.

/s/

JEREMY ISARD
Assistant Federal Defender

DATE:  April 21, 2026